WILLIAM H. LLOYD, Appellant, v. W. E. HEDGER TRANSPORTATION CORPORATION, Respondent, CLARENCE C. HARRIS and Another, Doing Business under the Assumed Name of "RED JACKET LINE," Appellants.— Decision filed May 8, 1935 [ante, p. ——], amended to read as follows: Judgment affirmed, with costs. Appeal by defendants Harris dismissed, with costs. All concur, Crosby, J., in result on the ground that the plaintiff failed to establish negligence on the part of the defendant corporation although there was a demise to it, except Thompson, J., who dissents as to the affirmance of the judgment only and votes for reversal on the law and for the granting of a new trial on the sole ground that the charter party imports a demise.

STELLA SZUMINSKI, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Order reversed on the law, with ten dollars costs and disbursements, and verdict reinstated. The record discloses no adequate reason for setting aside the verdict. All concur, except Sears, P. J., who dissents and votes for affirmance on the ground that on the poll of the jury the answers of the jurors were ambiguous. It would have been better had the trial justice required definite answers, but inasmuch as he did not do so, I am of the opinion that a situation was presented calling for the exercise of sound discretion on the part of the justice presiding and in my opinion this discretion was not abused. (The order set aside the verdict for plaintiff in an automobile negligence action.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

JOHN SZUMINSKI, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Same decision and like cause of action as in companion case (Szuminski v. International Railway Co., ante, p. 884). Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

O. D. JENNINGS & COMPANY, Respondent, v. JOSEPH PLATT and Another, Appellants.— Judgment and order reversed on the law, with costs, and motion denied, with ten dollars costs, on the ground that the pleadings raise issues of fact which require a trial, in respect, particularly, to the character of the machines for the purchase price of which the notes were given, and in respect to the reasonableness of the provision for attorney's compensation specified in the notes. All concur. (The judgment was entered upon the order directing summary judgment in an action to recover purchase price of vending machines.) Present — Sears, P. J., Taylor, Edgcomb, Thompson and Lewis, JJ.

THE AMERICAN AGRICULTURAL CHEMICAL COMPANY, Appellant, v. ARCADE AND ATTICA RAILROAD CORPORATION, Respondent, and EDWARD G. RITER, Defendant. — Order affirmed, with ten dollars costs and disbursements. All concur. (The order grants a motion to dismiss the complaint as to defendant railroad corporation in an action to recover for wrongful delivery of freight.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.